IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD LORENZO PAIGE, | : | CIVIL ACTION NO. 1:06-CV-2080 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| WARDEN JONATHAN C. MINER, | : | |
| ALBERTO GONZALEZ, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner, Arnold Lorenzo Paige ("Paige"), an inmate confined at the United States Penitentiary at Allenwood ("USP-Allenwood"), White Deer, Pennsylvania.[1]  Paige challenges his placement in the "High Security Escape Risk 1 Hour Check Program" (hereinafter "1 Hour Check Program").  (Doc. 1, p. 4, Doc. 12, p. 4).  For the reasons set forth below, the petition will be dismissed.

**I.    Background**

Paige alleges that he was not provided with notice and a hearing prior to being transferred into the "1 Hour Check Program" at USP-Allenwood.  (Doc. 1, p. 4).  Upon entering the program, he was notified that he was required to have his 1 Hour Check card on his person at all times and was responsible for presenting his

---

[1] In addition to naming the warden as a respondent, Paige named Alberto Gonzalez.  The only proper respondent in a § 2241 habeas proceeding is the custodian of the prisoner, in this case Warden Jonathan C. Miner.  See Rumsfield v. Padilla, 124 S.Ct. 2711, 2717-18 (stating that "custodian" is generally the warden of the facility at which the prisoner is held).

card to a staff member for his accountability every hour beginning at 7:00 a.m. and ending at 9:00 p.m. daily. (Doc. 12-2, p. 2). He was also informed that he could only be removed from the program through written authorization by appropriate officials. (Id.). He complains that placement in the program prohibits him from "normally" moving within the institution and negatively impacts his eligibility for job and other program assignments. (Id.). After exhausting his administrative remedies (Doc. 12, p. 2), he filed the instant petition seeking release from the program

## II.     Discussion

Respondent contends that the petition should be dismissed because Paige's claims are not cognizable in a habeas corpus action. (Doc. 7). The court agrees.

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the

appropriate remedy is a civil rights action.  See Leamer, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy."  See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Paige does not seek speedier or immediate release from custody or challenge the legality of his present incarceration.  Rather, he challenges the conditions of his confinement in asserting limitations on, and violations of, certain rights.  Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.  Consequently, the petition will be dismissed without prejudice to any right Paige may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        March 26, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARNOLD LORENZO PAIGE,** | : CIVIL ACTION NO. 1:06-CV-2080 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **WARDEN JONATHAN C. MINER,** **ALBERTO GONZALEZ,** | : |
| **Respondents** | : |

## **O R D E R**

AND NOW, this 26th day of March, 2007, it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge